UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WADDELL,** | ) | **CASE NO. 1:07 CV 3540** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **SEARS HOLDINGS CORP.** | ) | **Memorandum of Opinion and Order** |
| **d/b/a SUPER KMART,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon defendant Sears Holdings Corporation d/b/a Super Kmart's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This case arises out of the arrest of plaintiff at one of defendant's Kmart stores. For the reasons that follow, the motion is DENIED with respect to counts one, two, three, four, five, and seven and GRANTED as to count six.

### FACTS

Plaintiff, Kirby Waddell, initiated this action against Sears Holdings Corporation, d/b/a Super Kmart ("Kmart"), Kmart employees Michael Bice, Scott Joreski, Mark Wyand, Denise

Thomas, Christy Birnie and John Doe Security Guard (the "Kmart Employee defendants"), and Brooklyn police officers Eschweiler, Hovan, Murphy and Glandorf (the "Police Officer defendants") in the Cuyahoga County Court of Common Pleas.  Defendants removed the action to this Court.  The facts as set forth below are taken from plaintiff's complaint.

On October 12, 2006, plaintiff was shopping at the Kmart located at 7700 Brookpark Road, Brooklyn, Ohio.  After deciding not to purchase any items, plaintiff attempted to leave the store.  The store has two sets of doors.  Plaintiff proceeded through the first set of doors.  Before plaintiff exited the second set of doors, plaintiff was approached by Kmart Employee defendant Bice.  Plaintiff alleges that Kmart Employee defendants Bice, Joreski and Wyand assaulted and battered him.  He further alleges that each of the Kmart Employee defendants illegally detained him by "physically restraining him, forcing him to a security room somewhere in the store, searching him, having him arrested, and/or prosecuting him, without probable cause or any legal justification."  The Brooklyn police were summoned and plaintiff was then "illegally arrested, transported and jailed" by the Police Officer defendants.  Plaintiff alleges that "[a]t all times relevant, the Defendants were operating under color of law."

Approximately two months later, plaintiff was indicted on the crime of robbery.  Plaintiff alleges that "[s]ome or all of the Defendants were responsible for causing this charge to be filed."  Plaintiff was tried in the Cuyahoga County Court of Common Pleas on the robbery charge on March 22, 2007.  During the proceedings, the Honorable William J. Coyne stated, "I don't think there was ever any probable cause to arrest [plaintiff] in the first place."  Plaintiff was acquitted.

The complaint contains seven claims for relief:  (1) the Police Officer defendants, acting

2

in concert with the other defendants, deprived plaintiff of a federally protected right in violation of 42 U.S.C. § 1983; (2) defendants conspired to violate plaintiff's constitutional rights; (3) defendants initiated criminal proceedings against plaintiff without probable cause and/or with malice; (4) defendants engaged in extreme and outrageous behavior causing severe emotional damage to plaintiff; (5) defendants illegally arrested, detained, imprisoned and charged plaintiff; (6) defendants used unjustified, excessive, illegal and disproportionate force; and (7) Kmart was negligent in hiring, training, supervising and employing the Kmart Employee defendants. Defendant Kmart moves to dismiss all counts as asserted against it. Plaintiff opposes the motion.

### STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6), the district court must accept all of the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997). However, the complaint must contain "more than the bare assertion of legal conclusions." *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)) (emphasis in original).

### DISCUSSION

A.  *Count One - Section 1983*

Plaintiff's first cause of action alleges a violation of 42 U.S.C. § 1983. To state a claim

for relief under Section 1983, plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States. *Sample v. Bailey*, 409 F.3d 689, 695 (6th Cir. 2005).  Plaintiff alleges that defendants deprived him of his right to be free from unreasonable searches and seizures, the use of unreasonable and excessive force, false arrest and malicious prosecution.

Kmart argues that plaintiff's Section 1983 claim must fail because there was probable cause to arrest him and, so, there can have been no constitutional violation.  An indictment by a grant jury creates a rebuttable presumption that there was probable cause. *Adamson v. May Co.*, 456 N.E.2d 1212, 1215 (Ohio App. 1982) (in context of malicious prosecution claim).  The presumption can be rebutted by a finding that the "grand jury proceeding received perjured testimony or was otherwise significantly irregular." *Id.*  Here, plaintiff was indicted for robbery in connection with the arrest that he contends was illegal.  However, plaintiff has alleged that there was no probable cause to arrest him, and his allegation must be accepted as true in deciding the motion to dismiss.  Moreover, plaintiff's allegations in support of his Section 1983 claim are quite broad and include allegations that defendants used excessive force.  Even if Kmart could establish that there was probable cause to arrest plaintiff, plaintiff's Section 1983 claim is still supported by his allegation of excessive use of force.

Kmart next argues that plaintiff has not sufficiently alleged that it was acting under color of state law such that it can be held responsible for any violation of Section 1983 that might have occurred.  Kmart relies upon *El Fundi v. Deroche*, 625 F.2d 195 (8th Cir. 1980), and *Duriso v. Kmart*, 559 F.2d 1274 (5th Cir. 1977), for the proposition that state action is present only when private security guards act in concert with police officers and pursuant to customary procedures

4

agreed to by police departments. These courts have stated that this is particularly true when a state statute authorizes merchants to detain suspected shoplifters. Ohio has such a statute. Ohio Rev. Code § 2935.041(A) (merchant may detain person if it has probable cause).

The Court first notes that this test does not appear to have been addressed by the Sixth Circuit. Second, the holdings in these cases do not support Kmart's argument that it is entitled to dismissal of count one. The *El Fundi* court actually reversed a grant of summary judgment to defendant, holding that plaintiff's "crudely drafted" allegation that all defendants acted under color of state law was sufficient to proceed with his Section 1983 claim. In *Duriso*, the procedural posture was much different. Defendant filed motions for a new trial, directed verdict, and judgment notwithstanding the verdict after a jury found in favor of plaintiff on a Section 1983 claim. The court affirmed the denial of these post-trial motions, stating there was sufficient evidence for a jury to find defendant had acted in concert with the local police.

The instant case is here on a motion to dismiss for failure to state a claim. To survive this motion, plaintiff's complaint need only contain "direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *In Re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). The Court finds that plaintiff's allegations that Kmart acted under color of law and acted in concert with the Police Officer defendants in violating his constitutional rights are sufficient to survive the motion to dismiss. Kmart's motion is denied as to count one.

*B.     Count Two - Conspiracy*

Plaintiff next alleges that defendants conspired to violate his constitutional rights in contravention of 42 U.S.C. § 1985. To establish a violation of Section 1985, "plaintiff must

5

allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). Plaintiff admits that his claim "must be pled with some degree of specificity." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987).

Kmart argues that plaintiff has not alleged any facts that would support a claim of conspiratorial conduct. In response, plaintiff fails to point out any specific allegations in his complaint that would support his conspiracy claim. Plaintiff merely argues that "a conspiracy existed" and that the complaint identifies "several acts" performed by defendants in furtherance of the conspiracy. After a review of the complaint, the Court finds that the only allegations which can fairly be said to support a conspiracy claim against Kmart are these: (1) the Kmart Employee defendants "illegally detained Plaintiff by ... having him arrested and/or prosecuting him, without probable cause or any legal justification"; (2) "[a]fter some period of time, Brooklyn Police were summoned"; (3) "[s]ome or all of the Defendants were responsible for causing [the robbery] charge to be filed in an effort to cover up their own illegal conduct"; and (4) "Defendants conspired to violate [plaintiff's] constitutional rights and also, conspired to cover up the violations of [plaintiff's] constitutional rights by misrepresenting information."

Accepting all of these allegations as true and construing the complaint liberally in favor of plaintiff, the Court finds these allegations are sufficient to support a conspiracy claim under

6

Section 1985. Plaintiff's motion to dismiss is denied as to count two.[1]

*C.     Counts Three, Four, Five, and Seven*

Kmart asserts that plaintiff's third claim (malicious prosecution), fourth claim (intentional infliction of emotional distress), fifth claim (false arrest), and seventh claim (negligent hiring, training, and supervision) must all dismissed because there is a rebuttable presumption that defendants had probable cause to arrest plaintiff. As discussed above, this presumption arises out of the fact that plaintiff was indicted for robbery. *Adamson*, 456 N.E.2d at 1215.

Kmart argues that plaintiff must specifically allege that the grand jury received perjured testimony or was "otherwise significantly irregular" to overcome the presumption established by his indictment. The Court disagrees. The standard on a motion to dismiss is extremely deferential to plaintiff. He alleges that there was no probable cause to arrest him and that the Kmart defendants and the Police Officer defendants acted together in arresting and prosecuting him without cause.[2] This allegation, as stated above, is sufficient at this stage of the

---

[1]
>Kmart also argues that plaintiff's conspiracy claim must be dismissed because there is a rebuttable presumption that there was probable cause to arrest him. As discussed above, plaintiff alleges that no probable cause existed, and this allegation must be accepted as true at this stage of the proceedings.

[2]
>Plaintiff argues that there was an irregularity in the grand jury proceedings in that he was charged with what the Common Pleas Court referred to as "an attempt to attempt robbery." Because the Court has found that plaintiff has alleged there was no probable cause, the Court need not decide whether such a situation would constitute a significant irregularity.

7

proceedings.[3] Because plaintiff in the instant case has alleged that there was no probable cause to arrest him, the Court denies Kmart's motion to dismiss as to counts three, four, five and seven.[4]

*D.     Count Six - Excessive Force*

Kmart asserts that plaintiff's claim for excessive force is merely a restatement of his false arrest and Section 1983 claims. The Court agrees, and plaintiff does not oppose Kmart on this point. Accordingly, Kmart's motion to dismiss is granted as to plaintiff's sixth claim for relief.

**CONCLUSION**

For the foregoing reasons, Kmart's motion to dismiss pursuant to Rule 12(b)(6) is DENIED with respect to counts one, two, three, four, five, and seven and GRANTED as to count six.

---

[3]

> Kmart's reliance on *Bickley v. FMC Techs., Inc.*, 282 F.Supp.2d 631 (N.D. Ohio 2003), is unpersuasive. In *Bickley*, the court was ruling on a motion for summary judgment and had the benefit of evidence. The evidence established that the defendant alleged to have engaged in malicious prosecution was an informer who provided truthful information to the prosecutor who, in turn, made an independent decision to prosecute plaintiff based on that information. The *Bickley* court found that the informer could not be held liable, because the prosecutor made the decision to prosecute on his own.

[4]

> Kmart also argues that it was justified in detaining plaintiff under Ohio's merchant self-help statute. Ohio Rev. Code § 2935.041(A). However, the statute merely provides that a merchant will not be liable for detention of a person if the merchant has probable cause to believe items have been unlawfully taken. So, Kmart's argument fails for the same reasons as its argument based on the grand jury indictment - plaintiff has alleged that there was no probable cause to detain or arrest him.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/31/08